**WHITLOW, Exr., Plaintiff-Appellee, v. THOMAS, et, Defendants-Appellees, and WHITLOW, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21208. Decided March 28, 1949.

Baker, Hostetler & Patterson, Cleveland, for plaintiff-appellee and defendant-appellant Whitlow.

Jones, Day, Cockley & Reavis, Cleveland, for defendant-appellee Thomas and defendant-appellee Holman.

(CONN, J., of the Seventh District, sitting by designation in place of MORGAN, PJ.)

## OPINION

By CONN, J:

This case comes into this court on the appeal of the defendant, Robert H. Whitlow, from the finding and judgment of the Probate Court in an action brought therein by Robert H. Whitlow, Executor of the Estate of Alice R. Whitlow, deceased, against Lois Holman Thomas and Paul Rockwell Holman and Robert H. Whitlow, individually, praying for a judgment construing.Item I of the Will of Alice R. Whitlow, deceased having reference to the duties of said petitioner respecting the liability for the payment of certain Ohio Succession and Federal Estate Taxes.

Upon trial in Probate Court, the parties presented and filed their written stipulation, with certain exhibits attached, the material parts of which are briefly restated as follows:

The defendant, Robert H. Whitlow, is the second husband and the surviving spouse of Alice R. Whitlow, deceased, the defendants, Lois Holman Thomas and Paul Rockwell Holman are the adult children of Alice R. Whitlow and her first husband, William E Holman, who died testate March 24, 1934 and by his will his surviving spouse, Alice R. Whitlow (then Mrs. Holman) was bequeathed the sum of $25,000.00 cash and also received as beneficiary, the proceeds of life insurance policies in the amount of $180,000.00. On May 15, 1934,

the said beneficiary invested $128,000.00 of said proceeds in the purchase of four insurance policies on her life, the proceeds thereof being payable to her Executors or Administrators.

On April 9, and April 10, 1935, Mrs. Holman irrevocably assigned said four policies in equal parts to her children, Lois Holman Thomas and Paul Rockwell Holman, expressly providing that the proceeds be paid to them instead of her executors or administrators, each assignee being designated beneficiary of the policy assigned to him. Upon the death of Mrs. Whitlow a number of years later the proceeds of said policies, with accrued dividends in the total sum of $128,108.53 were paid in equal shares to said beneficiaries. The defendant, Robert H. Whitlow, on April 21, 1935, married Alice R. Holman and from that time to the date of Mrs. Whitlow's death January 1, 1943, the parties resided in Cleveland, Ohio.

It further appears by the stipulation that Mrs. Whitlow died testate and in her will bequeathed the residue of her estate to the defendant, Robert H. Whitlow, after making provision for the payment of debts, taxes and certain specific bequests to her children. The will of the testatrix was dated June 1, 1942.

The Ohio succession taxes and certain adjusted Federal taxes were paid by the Executor out of the estate, excepting thirty percent of such Federal taxes which was voluntarily advanced and contributed by Lois Holman Thomas.

Thereafter, the Commissioner of Internal Revenue notified the Executor of the assessment of a deficiency in the Federal estate taxes of $36,072.89 by reason of the inclusion of the proceeds of said insurance policies in computing Federal Estate Taxes. Subsequently a compromise settlement of the additional taxes claimed to be due was effected on the basis of $21,555.58 including interest. The Executor having first obtained the approval of the settlement by the Probate Court, made payment of said taxes pursuant to the agreed settlement.

The trial court held that it was the intention of the testatrix not only to charge the tax on property passing under Mrs. Whitlow's will but also the taxes "upon the insurance payable to her children, for both made up her estate for tax purposes." The court ordered that the Ohio Succession Taxes resulting from the transfers of policies of insurance shall be paid by and chargeable to the defendants, Lois Holman Thomas and Paul Rockwell Holman and that the Federal Estate Taxes paid by the Executor "in settlement of an asserted deficiency on said tax as a result of such transfers,

together with any Ohio estate tax levied under authority of §5351-1 GC as a result of such increased Federal tax, shall be paid by the Executor out of the residuary estate of the decedent herein and shall be chargeable in their entirety against such residuary estate." It was further ordered that the defendants Lois Holman Thomas and Paul Rockwell Holman be exonerated from any liability for the payment of said taxes and that the executor shall have no right of reimbursement with respect thereto.

From the finding and judgment, the defendant, Robert H. Whitlow, appealed to this court on questions of law.

There are three assignments of error, each grounded on the true construction of the language employed in Item I of the will, expressive of the intention of the testatrix, an abridged statement of the three assignments of error being as follows:

1. Error in holding that it was the intention of the testatrix that all Federal estate taxes should be paid out of the residue of the estate.

2. Error in holding that Federal estate taxes on insurance proceeds not passing under the will shall be paid from the residue of the estate.

3. Error in holding that under the language of Item I of the will, exonerating the beneficiaries from Federal estate taxes, was not confined to disposition made in the will.

For the sake of brevity, we will consider the three assignments of error together, not separately, as the focal point of the issue raised by each of them centers on the true construction and application of the language used by the testatrix, as found in Item I of the will, as follows:

"I direct that all my just debts and the expenses of my last illness and funeral be paid out of my estate as soon after my decease as my Executor shall deem expedient. I direct my Executor to pay from my estate any and all estate, inheritance succession, transfer and other taxes levied against my estate as whole, or against any legacy, bequest, devise or appointment, or against any legatees, devisees, beneficiary or appointee, it being my intention that my legatees, devisees, beneficiaries and appointees shall receive the full amount of the legacies, bequests, devises and appointments herein made without any diminution on account of such taxes."

The general rule of construction of language used in a will is to give effect to the intention of the testator. Technical

rules of construction are applicable in those instances where the language employed is inconsistent, ambiguous or doubtful. In all instances where the language is plain and free from ambiguity. the intention of the testatrix is ascertained from the will itself, as there is a presumption that the testatrix intended to have done what the language reasonably imports. **41 O. Jur. 575, Sec. 456.**

The words and phrases used by the testatrix in Item I have a well settled meaning in the law, and the presumption prevails that they were employed by Mrs. Whitlow to express a definite intention and purpose and that as expressed they would be understood and applied, consistent with the context, in accomplishing the objective so clearly expressed therein.

The use of the word "estate" and the phrases, "my estate" and "my estate as a whole" in Item I, are referable to property to which the testatrix had title and which would therefore pass under her will, in the absence of language expressing a different purpose and application.

The words "legacy" "bequest" "devise" "legatee" or "devisee" are words expressing a well-known concept in the law and are meaningful and harmonious with the entire context of Item I in which they are found.

Furthermore, the concluding provision in this Item I of the will is a reaffirmative statement of the purpose and intention of Mrs. Whitlow already·clearly expressed in the earlier provisions of Item I. This restatement of Mrs. Whitlow's purpose is noteworthy:

"* * * it being my intention that my legatees, devisees, beneficiaries and appointees shall receive the full amount of the legacies, bequests, devises and appointments herein made without any diminution on account of any **such taxes.**" (Emphasis ours.)

The insurance policies are not mentioned in the will and there is no reference to the transfer of these policies which was accomplished years before Mrs. Whitlow made her will. The beneficial interest of the testatrix in these policies was determined upon her death and the proceeds payable to her children under the terms of the irrevocable assignment are not within the well settled meaning of the terms "legacy" or "bequest" in the absence of language clearly expressing an intention on the part of Mrs. Whitlow to include them as such.

The appellee, Paul Rockwell Holman, contends that the word "estate" as used by the testatrix in Item I comprehends the aggregate property transmitted, whether inter vivos or upon death. It is conceivable that the testatrix could have used the word "estate" in the sense claimed. However, rules of construction applicable here require that it be given its usual meaning and one agreeable to the context in which it is found. **41 O Jur. 645, Sec. 517.**

As already pointed out, the insurance policies had been assigned prior to the marriage of the testatrix to Mr. Whitlow. Her will was made more than seven years subsequent to her assignment of the policies and the assignment was made nearly eight years prior to her death.

In the light of surrounding circumstances, the contention of the appellee that at the time the will was made the testatrix anticipated there might be some claim asserted by the Commissioner of Internal Revenue that a Federal Estate Tax was assessable against the transfer of the insurance policies, is not easily apprehended. If the testatrix so anticipated and if she had the purpose and intention to exonerate her children from the payment of such taxes would she not have used language appropriate for such purpose? As suggested earlier in this opinion, the intention of the testatrix is clearly expressed in the language used in Item I and the cardinal rule of interpretation and construction is to give effect to the intention thus expressed. **41 O. Jur. 590, Sec. 467.**

The provision of Sec. 826(c) as amended, of the Federal Internal Revenue Code, imposing liability for Federal Estate Taxes on insurance beneficiaries "unless the decedent directs otherwise in his will" would require a clearly expressed intention on the part of the testatrix to exonerate the insurance beneficiaries from liability for taxes. As pointed out by the appellant, the tax stays where the statute puts it unless the Will is crystal clear to the contrary.

It clearly appears that the Will of Mrs. Whitlow wholly fails to disclose an intention to exonerate the insurance beneficiaries of liability for such taxes and in turn shift the burden of their payment to her husband as residuary legatee.

We have been favored with well prepared briefs including copious citations and clarifying oral arguments. However, it is our opinion that the true construction of the will of Mrs. Whitlow, particularly Item I thereof, is clearly guided and directed by the application of general principles of law which we have endeavored to point out and apply.

It is our conclusion that the trial court erred in exonerating the insurance beneficiaries from liability for Federal estate

taxes assessed by reason of the transfer of the insurance policies and from the payment of any additional succession taxes under §5335-1 GC, as a result of such increased Federal estate taxes, and in requiring the executor to pay the same out of the residuary estate.

The judgment of the Probate Court is reversed and the cause remanded to that Court, for further· proceedings, in accordance with this opinion and judgment of this Court. Exc. Order See Journal.

SKEEL, J, HURD, J, concur.